UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOSEPH ANDERSON, a/k/a/ RUTHLESS,<br><br>Petitioner,<br><br>v.<br><br>ALICIA G. CARVER,<br><br>Respondent. | Case No. 1:25-cv-00394-REP<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner Devon Joseph Anderson has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 1. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons that follow, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

### REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears

from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.    Discussion**

Petitioner has been convicted of stalking. He brings a double jeopardy claim in the instant Petition. Petitioner does not set forth the procedural history of his case, other than to say that he has pursued his double jeopardy claim in a petition for post-conviction relief and that he filed a state petition for writ of habeas corpus with the Idaho Supreme Court. *Pet*. at 4. However, it appears from the State of Idaho's iCourt Database that the direct appeal from Petitioner's conviction remains pending. *See* https://preview.icourt.idaho.gov/, Ada County Case No. CR01-22-11844, (accessed September 8, 2025).

Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The instant Petition does neither.

Moreover, in an earlier case filed by Petitioner, United States Magistrate Judge Debora K. Grasham dismissed Petitioner's habeas claims, including his double jeopardy claim, as unexhausted. *See Anderson v. Ross*, Case No. 1:23-cv-00500-DKG, Dkt. 30 (D. Idaho Oct. 25, 2024). The instant Petition does not provide any facts from which the Court may conclude that Petitioner's double jeopardy claim is now exhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State.").

Accordingly, Petitioner must file an amended petition that complies with Rule 2(d) and that clearly sets forth the entire procedural history of his state court criminal case, including the

status and outcome of any direct appeal or state post-conviction proceedings. Petitioner must also set forth facts showing that his double jeopardy claim has been exhausted in state court.

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

2. Also within 28 days, Petitioner must either pay the $5.00 filing fee for this case or apply for in forma pauperis status.

3. The Clerk of Court is directed to provide Petitioner with this Court's form § 2254 petition. Petitioner is encouraged and expected to use this form in drafting an amended petition.

4. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this action is REASSIGNED to a United States District Judge.

DATED: September 8, 2025

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge