UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOSEPH ANDERSON, a/k/a/ RUTHLESS,<br><br>      Petitioner,<br><br>v.<br><br>ALICIA G. CARVER,<br><br>      Respondent. | Case No. 1:25-cv-00394-AKB<br><br>**SUCCESSIVE REVIEW ORDER** |

  On July 14, 2025 (mailbox rule), Petitioner filed a Petition for Writ of Habeas Corpus challenging his state court convictions for stalking. *See* Dkt. 1. On September 8, 2025, the Court reviewed the Petition under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") and determined the Petition appeared subject to summary dismissal because it did not comply with Habeas Rule 2(d) and because it appeared Petitioner's claims were unexhausted. *Initial Review Order*, Dkt. 3. The Court gave Petitioner 28 days to file an amended petition, which Petitioner has now done.

  However, as the Amended Petition acknowledges, Petitioner's direct appeal and state post-conviction proceedings remain pending in state court. *See Am. Pet.*, Dkt. 4, at 2–3. Accordingly, Petitioner's habeas claim is unexhausted, and the Amended Petition is subject to dismissal. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

  **ACCORDINGLY, IT IS ORDERED:**

  1. The Amended Petition for Writ of Habeas Corpus (Dkt. 4) is DISMISSED without prejudice as unexhausted. Once Petitioner's direct appeal and post-conviction

proceedings have been completed, he may file a new federal habeas corpus petition challenging his stalking convictions.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 30, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge